clf\barbato-fncb\pleadings\complaint062708

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY BARBATO and<br>MARYBETH BARBATO<br>1142 Monroe Drive<br>Stewartsville, NJ 08886<br>　　　　　　　　Plaintiffs<br><br>　　　vs.<br><br>FIRST NATIONAL COLLECTION<br>BUREAU, INC.<br>610 Waltham Way<br>McCarran, NV 89434<br>　　　　　　　　Defendant | CIVIL ACTION<br><br><br><br><br>NO. |

## COMPLAINT

**I.　INTRODUCTION**

　　1.　This is an action for damages and other relief arising under the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 and the Telephone Consumer Protection Act of 1991 ("TCPA") 47 U.S.C. § 227 et seq.  Plaintiffs, Gary and Marybeth Barbato of Warren County, New Jersey have been victimized by repetitive, ongoing pre-recorded collection calls to their home by Defendant, First National Collection Bureau, Inc. ("FNCB").  Defendant, a debt collector, is apparently dunning a different debtor but have been calling Plaintiffs relentlessly.  Plaintiffs have no debtor/creditor or other contractual relationship with the Defendant or Defendant's assignor whatever; they merely have the apparent misfortune of having a home telephone number that is in FNCB's files that FNCB calls *ad nauseum,* via an Auto Dialer mechanism.  This violates the FDCPA and TCPA, each of which provide remedy.

**II.　JURISDICTION**

　　2. Jurisdiction arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

1

3. Supplemental jurisdiction over the TCPA claim arises under 28 U.S.C. § 1367.

### III. PARTIES

4. Plaintiffs are Gary and Marybeth Barbato, adult individuals with an address at 1142 Monroe Drive, Stewartsville, Warren County, New Jersey 08886. Gary and Marybeth are husband and wife.

5. Defendant First National Collection Bureau, Inc. ("FNCB") is believed to be a foreign corporation with an office for the regular transaction of business at 610 Waltham Lane, McCarran, NV 89434.

6. FNCB conducts business in the District of New Jersey on a regular basis.

7. FNCB regularly engages in the collection of consumer debts using the mails and telephone.

8. FNCB regularly attempts to collect consumer debts alleged to be due another.

9. FNCB is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

### IV. STATEMENT OF CLAIM

10. In on or about October, 2007, FNCB began to place a series of predictive dialer or robot telephone calls to Plaintiffs' home.

11. The purpose of the telephone calls was ostensibly to collect on a consumer debt. The debt, according to the pre-recorded messages left, is asserted to be due from a Deborah H., <u>not</u> the Plaintiffs (purported debtor's full name redacted here for privacy).

12. At all times material hereto, Defendant used, controlled or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and its implementing Regulation, 47 C.F.R. § 64.1200(f) (also called "Auto Dialer").

13. In or about 2006, Plaintiffs relocated to a home in Warren County, and were assigned a new residential phone number.

14. The residential phone number is not stated in this Complaint in the interest of privacy. However, the number ends in the digits 555.

15. Plaintiffs' residential telephone number was repeatedly called by Defendant from on or before October 2007 through, as of this writing, June of 2008.

16. Defendant called Plaintiffs over 50 times during this period.

17. Defendant each time placed the call through the use of an Auto Dialer.

18. Defendant called Plaintiffs using artificial and/or pre-recorded voice technology, advising that they were trying to reach Deborah H., often leaving a recorded message with a return telephone number.

19. Plaintiffs tried to reach Defendant on more than one occasion to advise a human being that FNCB had the wrong telephone number in their system, but the response produced no result. FNCB failed or neglected to remove the Barbatos' telephone number from their system.

20. Plaintiffs owed no debt of any kind to Defendant, nor were Plaintiffs alleged to owe a debt of any kind to Defendant or Defendant's client.

21. There is not and has never been an Established Business Relationship between Plaintiffs and Defendant (or Defendant's client) as defined at 47 C.F.R. 64.1200(f).

22. The repetitive, incessant calls have caused Plaintiffs emotional harm, embarrassment, discomfort and other losses.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

24. The acts of Defendant described above constitute conduct, the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, 1692d(5).

25. The repetitive robot telephone calls described above violate the Telephone Consumer Protection Act, and thus constitute action that cannot be legally taken.  This constitutes a separate violation of the FDCPA, 15 U.S.C. § 1692e(5).

### COUNT II – TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

26. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

27. Defendant has violated the TCPA, 47 U.S.C. § 227 et seq. and its implementing Regulation at 47 C.F.R. § 64.1200 et seq.

28. Defendant violated the TCPA in the following ways:

   (a) By using automatic telephone dialing systems that have the capacity to store or produce telephone numbers using random or sequential number generation that dial the telephone number associated with the Plaintiffs.

   (b) By initiating telephone calls to Plaintiffs' residential telephone line using artificial and/or pre-recorded voices to deliver messages without the express consent of the Plaintiffs, and by initiating telephone calls to Plaintiffs' residential telephone line using artificial or pre-recorded voices to deliver a message without the prior express consent of the Plaintiffs in violation of 47 U.S.C. § 227(b)(1)(B).

29. The acts of Defendant as above described were intentionally, deceptively and unlawfully committed with the purpose of causing Plaintiffs to pay the alleged debt despite the acknowledgment that Plaintiffs had no obligation to Defendant or Defendant's assignor.

30. Defendant recognized that its Auto Dialer may well be calling a consumer other than the putative debtor.

31. The telephone calls complained of herein were not placed for an "emergency purpose" nor was there an "established business relationship" between Plaintiffs and Defendant. 47 C.F.R. § 64.1200(f).

32. Defendant acted willfully or knowingly.

33. As a result of the above calls, Plaintiffs have suffered harm.

34. Plaintiffs are entitled, under the TCPA, to statutory damages of not less than $500.00 nor more than $1,500.00 for each artificial/pre-recorded telephone call, pursuant to 47 U.S.C. § 227(b)(3).

## V.   DEMAND FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant for the following:

    (a)    Actual damages;

    (b)    Statutory damages under the FDCPA;

    (c)    Statutory damages for each call, pursuant to the TCPA;

    (d)    Statutory counsel fees and costs;

    (e)    Such other and further relief as the Court shall deem just and proper.

**VI.     DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date:  6/27/08                                                            */s/ Cary L. Flitter*
                                                                                  CARY L. FLITTER
                                                                                  THEODORE E. LORENZ

                                                                                  LUNDY, FLITTER, BELDECOS
                                                                                  & BERGER, P.A.
                                                                                  Five Greentree Centre
                                                                                  Suite 302
                                                                                  Marlton, NJ 08053
                                                                                  (856) 338-1300